IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Murray, #89731, ) | C/A No. 0:09-1049-TLW-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| State of South Carolina, and ) | |
| Director of the Alvin S. Glenn Detention ) | |
| Center, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The petitioner, Nathaniel Murray ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254. Petitioner is a pre-trial detainee at the Alvin S. Glenn Detention Center in Richland County, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner seeks release from prison on a bond, and he seeks a speedy trial. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed based upon the doctrine of abstention and for failure to exhaust state remedies.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915; the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke

v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*).

The Petition has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the petition "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to construe *pro se* petitions liberally. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.



1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

Petitioner alleges that he was arrested and taken to the Alvin S. Glenn Detention Center. (Pet., Docket Entry 1 at 5.) It appears from the South Carolina Judicial Department website that from March 9, 2009, armed robbery charges have been pending against Petitioner in General Sessions Court. See Richland County Fifth Judicial Circuit Public Index Search website, http://www4.rcgov.us/publicindex/PISearch.aspx?CourtType=G (search by Petitioner's name and "Search Public Index") (last visited April 24, 2009).[1] Thus, Petitioner has apparently been incarcerated in the detention center since approximately March 9, 2009.

In this action, Petitioner complains that he has been denied his right to a bond in state court. Petitioner alleges that his attorney did not file a motion for bond on his behalf

---

[1] The court may take judicial notice of factual information located in postings on government websites. See In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); Williams v. Long, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).



and that Petitioner was not allowed to speak at the bond hearing or about anything pertaining to his case. (Pet., Docket Entry 1 at 5, 6, 11.) He alleges that he has not been to general sessions court. Petitioner seeks the relief of "motion for a bond and a speedy trial." (Id. at 14.)

Although Petitioner filed this action on a form entitled "Petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody," this court is not bound by Petitioner's characterization of this action. See Manigault v. LaManna, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780 at *4, n.4 (D.S.C. May 11, 2006) ("This Court is not bound by Petitioner's characterization of his claims because, when considering the issue of its own jurisdiction, district courts are authorized to disregard such characterizations to avoid 'unjust manipulation or avoidance of its jurisdiction'"). Petitioner is not attacking a state conviction or sentence. Habeas relief pursuant to § 2254 is available for a person who claims to be in custody illegally pursuant to a *judgment* of a state court (i.e., a criminal conviction). Therefore, this court construes Petitioner's habeas petition as pursuant to 28 U.S.C. § 2241 because the state criminal charges in question are pending.

Federal remedies of a writ of habeas corpus under either 28 U.S.C. § 2241 or under 28 U.S.C. § 2254 can only be sought *after* a petitioner has exhausted his state remedies. See 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973) (exhaustion also required under 28 U.S.C. § 2241); Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir. 1975) (exhaustion required

under 28 U.S.C. § 2241).² "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Beard v. Green, 523 U.S. 371, 375 (1998) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)). Hence, pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief. Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980).

The Sixth Amendment, which, among other things, provides that criminal defendants have the right to a speedy trial, is imposed on the different states by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Barker v. Wingo, 407 U.S. 514, 515 (1972).³ Absent extraordinary circumstances, however, federal courts are not authorized to interfere with a state's pending criminal proceedings. See Younger v. Harris, 401 U.S. 37, 44 (1971); Harper v. Public Serv. Comm'n of West Va., 396 F.3d 348, 351-52 (4th Cir. 2005) (noting that criminal law is a core source of state authority and that "[c]riminal proceedings are, perhaps, the most obvious example of the states' sovereign authority 'to perform their separate functions in their separate ways.'"); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). In Cinema Blue of Charlotte, the United States Court of Appeals for the Fourth Circuit ruled that

---

²Exhaustion is statutorily required by 28 U.S.C. § 2254. When a petition for writ of habeas corpus is brought by a state prisoner pursuant to 28 U.S.C. § 2241, the exhaustion of state remedies is a judicially created requirement.

³In light of Petitioner's failure to exhaust his state remedies and because no extraordinary circumstances exist, it is unnecessary for this court to conduct a full analysis of the four-part "speedy trial" balancing test set forth by the Supreme Court in Barker. Barker, 407 U.S. at 530. The court observes if the court were to conduct the Barker balancing test, the "length of delay" factor would favor the state because it appears that Petitioner has been in jail for approximately only two months.



federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding.  Id. at 52.  See also Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (*en banc*) (noting that " . . . federal courts should permit state courts to try state cases, and that where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").  Here, Petitioner can assert his request for bond and a speedy trial in the state court proceedings.  Although he alleges that his attorney has not filed a motion on his behalf, if Petitioner has a problem with his attorney, he can seek appropriate relief in state court.

### RECOMMENDATION

Accordingly, the court recommends that the Petition be dismissed without prejudice and without requiring the respondent to file a return.  See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 13, 2009
Columbia, South Carolina

*The petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).